Pearson, C. J.
 

 By the act of 1866-7, ch. 63, sec. 1, entitled “ An act to abolish imprisonment for debt,” it is enacted: “From and after the passage of this act it shall not be lawful to arrest or imprison any person upon an original writ for debt, &c., issuing out of any court of record, or upon any warrant issuing from any justice of the peace, nor upon
 
 capias ad satisfaciendum
 
 issuing from any court of record, or from any justice of the peace.”
 

 
 *296
 
 If the word “ imprison ” had not been used in the act, some question might have been made as to its application to cases where a debtor had been arrested and was in prison, or out on bail at the date of the passage of the act. We must reject that word or hold that the act was to be general in its application, and that the intention was to abolish all imprisonment for debt from and after the passage of the act.
 

 We concur in opinion with his Honor that no judgment could be rendered on the bail bond, which is the nature of the bond given in this case. The securities had no right to arrest or imprison their principal after the passage of the act, in order to surrender .him, and the sheriff would have had no right to imprison him; so the condition was made impossible by the act of law, and the bond is saved.
 

 In this case an issue of fraud had been made up. It is provided, Rev. Code, ch. 59, sec. 14, “if, on the trial, the jury shall find that there is any fraud or concealment, &c., the debtor shall be deemed in custody of the sheriff, and shall be adjudged to be imprisoned,” &c. But by the act of 1866-7, sec. 3, “ all laws and clauses of laws coming in conflict with this act are hereby repealed;” so, if the debtor had made his appearance and a trial had taken place, and a verdict finding fraud been entered, the court could not have adjudged that he be imprisoned.
 
 Oui bono,
 
 require him to appear and go through the useless and expensive form of a trial, as the plaintiff could not have the fruit of a verdict in his favor ?
 

 On the whole, as the object of the litigation has been put an end to by the act of law, all such cases must go' off'by something like an abatement; that is, be dismissed, each party paying his own costs, as was the case of actions when slaves were the only subject of the litigation, after their political death.
 

 In this age of innovation, when there are no ancient
 
 *297
 
 paths, the courts are obliged to make new ones, in order to carry into effect the will of the law-making power.
 

 It was urged on the argument that the act cannot open the jail doors
 
 prop'io
 
 vigore, and there must be some formal mode oi discharging debtors who are in jail. It -would seem in such cases that a writ of
 
 habeas corpus
 
 would apply, so as to have it adjudged that the debtor was entitled to the benefit of the act, unless the creditors consent to his being turned out without such proceedings. However, that question is not before us.
 

 There is no error.
 

 Per Curiam. Judgment affirmed.